UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.


ROSS DRESS FOR LESS INC.
d/b/a Ross Dress For Less at Miracle Mile and
NNN TRS, INC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Ross Dress For Less, Inc. doing business as Ross Dress For Less at Miracle Mile and Defendant NNN TRS, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Ross Dress For Less, Inc. (also referenced as "Defendant Ross," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Ross Dress For Less, Inc. is a subsidiary of Ross Stores, Inc. which operates an American chain of discount stores under the brand name "Ross Dress For Less." The parent company is publicly traded on NASDAQ and is part of the S&P 500 retail component. Ross Stores is the largest off-price retailer in the United States and operates 1,523 Ross Dress For Less stores.

6. Defendant NNN TRS, Inc (also referenced as "Defendant TRS," "Lessor," "Owner," or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Defendant TRS is the owner of real property located at 2 Miracle Mile, Coral Gables, Florida 33134, which is also referenced as folio 03-4117-006-0010. Defendant TRS's real property is built out as a retail center and leases a large portion of this center to the Ross Dress For Less retail store which is the subject of this instant action. The Ross Dress For Less store is the portion of Defendant TRS's commercial property which is leased

to co-Defendant Ross who in turn owns and operates its Ross Dress For Less brand retail store at that location.

## FACTS

7. Ross Dress For Less is an off-price (discount) retailer which sells clothing, footwear, handbags, jewelry, accessories, cosmetics, fragrances, electronics, kitchenware, furniture, tools, and other consumer items. All Ross Dress For Less stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Ross Dress For Less store located at 2 Miracle Mile which is the subject of this complaint is also referenced as "Ross Dress For Less (store)," "Ross at Miracle Mile," "retail store," or "place of public accommodation."

8. As the operator of retail stores which are open to the public, Defendant Ross is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Ross Dress For Less store at 2 Miracle Mile, on May 23, 2021 Plaintiff went to the Ross Dress For Less store with the intent of purchasing clothing and items for his home.

10. On entering the Ross Dress For Less store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator of the retail store (Defendant Ross) and by the owner/lessor of the commercial property which houses the retail store (Defendant TRS).

12. As owner and operator of 1,523 Ross Dress For Less stores, Defendant Ross is well aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, Defendant Ross's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Ross Dress For Less store located at Miracle Mile is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property which is operated as a retail store open to the public, Defendant TRS is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant TRS is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Ross Dress for Less at Miracle Mile, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Ross Dress For Less at Miracle Mile, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Ross (operator of the Ross Dress For Less store which is located at 2 Miracle Mile) and Defendant TRS (owner of the commercial property located at 2 Miracle Mile) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities,

privileges, advantages and/or accommodations at the Ross Dress For Less store at Miracle Mile, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Ross Dress For Less store at Miracle Mile.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant TRS and which houses the Ross Dress For Less store which is operated by Defendant Ross is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not use the doorbell to ring for

restroom access without assistance, as the bell it is not mounted at the required location which is in violation of Section 4.2.5 of the ADAAG which states that the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5(a)), and the minimum low forward reach is 15 in (380 mm), and Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

ii. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. The toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Both the seat cover dispenser and hand dryer are mounted over the rear wall grab bar at the wrong location over the rear wall grab bar impinging on the clearance. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design due to the failure to provide the required space.

iv. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

v. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted in a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

vi. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser

   without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vii. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Because the flush valve is not mounted on the compliant side, this is in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design

viii. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

x. As to Defendant Ross (lessee/operator) and Defendant TRS (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Ross Dress For Less store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the Ross Dress For Less store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant NNN TRS, Inc (owner of the commercial property housing the Ross Dress For Less store at

Miracle Mile) and Defendant Ross Dress For Less, Inc. (operator of the Ross Dress For Less store) and requests the following relief:

    a)    The Court declare that Defendants have violated the ADA;

    b)    The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

    c)    The Court enter an Order requiring Defendants to alter the 2 Miracle Mile commercial property and the Ross Dress For Less store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d)    The Court award reasonable costs and attorneys fees; and

    e)    The Court award any and all other relief that may be necessary and appropriate.

Dated this 10th day of August, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*